IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDER YOSMEL HERNANDEZ CASTRO,

    Petitioner,

v.                                                                      No. 1:26-cv-01045-KG-DLM

MARKWAYNE MULLIN, et al.,

    Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Eder Yosmel Hernandez Castro's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 6.  Because Petitioner presents a purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his petition for the reasons below.

### I.    *Background*

Petitioner, a native and citizen of Cuba, entered the United States at an unknown time and place.  Doc. 6 at 2.  In 2019, a U.S. Border Patrol agent encountered Petitioner near San Luis, Arizona and determined that he had established a credible fear of persecution.  *Id.*  The agent released Petitioner with a Notice to Appear.  *Id.*  Shortly thereafter, Petitioner's immigration proceedings were dismissed pursuant to prosecutorial discretion.  *Id.*  Petitioner has two daughters and no criminal history.  *Id.*; Doc. 1 at 22.

In July 2025, local law enforcement in Florida arrested Petitioner on unrelated charges and transferred him to Immigration and Customs Enforcement ("ICE") custody.  Doc. 6 at 2.  While in federal custody, Petitioner applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  *Id.*  In February 2026, an immigration judge ("IJ") denied those applications and ordered Petitioner removed.  *See* Doc. 1 at 12.  Petitioner's appeal of that

decision remains pending with the Board of Immigration Appeals ("BIA").  *Id.* at 10.  He remains detained at the Torrance County Detention Center in Estancia, New Mexico and has not received a bond hearing.  *Id.*

Petitioner contends that his continued detention violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment.  *Id.* at 2–3.  He also argues that relief is warranted under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because removal is not reasonably foreseeable.  *Id.*  He therefore seeks immediate relief or, in the alternative, a bond hearing at which the Government must justify his detention.  *Id.* at 7.  The Government opposes the petition.  *See* Doc. 6.

## II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## III.    *Analysis*

The Court concludes that (A) Petitioner's detention violates the INA, (B) Petitioner's detention violates the Due Process Clause of the Fifth Amendment, and (C) release is warranted.

### A.    *Petitioner's detention violates the INA.*

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). First, 8 U.S.C. § 1225 governs noncitizens who are detained at a port of entry or shortly after entry. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020).  This includes noncitizens deemed to be "seeking admission" into the United States, § 1225(a), and those placed in expedited removal proceedings under § 1225(b)(1).  Absent exceptions irrelevant here, § 1225 "mandates

detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.).

By contrast, 8 U.S.C. § 1226(a) sets forth "the default rule" for detaining noncitizens "already in the country." *Jennings*, 583 U.S. at 303. Section § 1226(a) authorizes the arrest and detention of noncitizens, "on a warrant issued by the Attorney General...pending a decision on whether [they are] to be removed." Under federal regulations, noncitizens detained under § 1226(a) are entitled to an individualized bond hearing at the "outset of detention." *Jennings*, 583 U.S. at 306.

Under these principles, § 1226(a) governs here. *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts).[1] Although Petitioner entered the United States without inspection, DHS initiated removal proceedings under 8 U.S.C. § 1229a by issuing a Notice to Appear. Doc. 6 at 2. Petitioner has resided in the United States since at least 2019, was arrested in the interior, and has no criminal history. *Id.* Moreover, although an IJ has issued a removal order, that order is not administratively final because Petitioner's appeal remains pending before the BIA. *Id.* Accordingly, because Petitioner is in ongoing removal proceedings and no other detention provision applies, his custody falls within § 1226(a).

Moreover, this Court's prior decisions control. The Government concedes that the material facts here are "substantially similar" to those in *Patel v. Noem*, 2026 WL 103163 (D.N.M.), where the Court concluded that § 1226 governs. Doc. 6 at 4. The Court has reached the same conclusion in numerous similar cases. *See, e.g.*, *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *3

---

[1] While the Fifth Circuit holds that "[w]hile [noncitizens] remain applicants" for admission, "they are...seeking admission," *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *5 (5th Cir.), the Tenth Circuit has not yet addressed the question.

3

(D.N.M.); *Arroyo Lopez v. Noem*, 2026 WL 776332, at *3 (D.N.M.); *Aguilar v. Lyons*, 2026 WL 851237, at *2 (D.N.M.).  Because the Government offers no new basis for Petitioner's continued detention, Petitioner is entitled to relief.

      **B.      *Petitioner's detention violates the Due Process Clause.***

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas*, 533 U.S. at 690.  "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993).  The Government's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons."  *Landon v. Plasencia*, 459 U.S. 21, 32 (1982).  Given that § 1226(a) is controlling here, Petitioner "is entitled—as a right—to an individualized bond hearing."  *Cortez-Gonzalez v. Noem*, 2025 WL 3485771, at *5 (D.N.M.).  Petitioner's continued detention without such review "constitutes an ongoing violation of [his] right to due process."  *Id.*

      **C.      *The proper remedy is release.***

The Court next turns to the appropriate remedy.  Federal courts are authorized under § 2243 to "dispose of [a habeas petition] as law and justice require" and possess broad discretion to fashion appropriate relief.  *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant *any form of relief necessary* to satisfy the requirement of justice").  Given the Government's conduct here, release is warranted.  *See Singh v. Carnes*, 2026 WL 446579, at *1 (D.N.M.) (ordering release where the Government "failed to articulate a legitimate interest in Petitioner's

continued detention”); *Palomeque-Carrion v. Bondi*, 2026 WL 895567, at *2 (D.N.M.) (same);

*Alfaro Herrera v. Baltazar*, 2026 WL 91470, at *1 (D. Colo.) (same).

**IV.    Conclusion**

For the reasons above, the Court orders that:

1.  The Petition for Writ of Habeas Corpus, Doc. 1, is granted.  Because relief is warranted under the Fifth Amendment and 8. U.S.C. § 1226(a), the Court declines to reach Petitioner's other arguments.

2.  The Government shall release Petitioner within 24 hours of this Order and shall not impose any new conditions of release.

3.  The Government is enjoined from redetaining Petitioner absent a predetention hearing before a neutral IJ under § 1226(a), at which the Government must establish, by clear and convincing evidence, that Petitioner poses a danger or flight risk.

4.  The Government shall file a status report within 10 business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.